IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SEAN RAY DOOL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:15-CV-920-Y |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is petitioner Sean Ray Dool's petition for a writ of habeas corpus filed under U.S.C. § 2241. Respondent is the United States of America. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In January 2014 Petitioner was arrested in Lubbock County, Texas, for two offenses related to his underlying federal offense in Case Number 5:14-CR-054-01-C for possession of a firearm by a convicted felon. (Resp't's Resp. 3, ECF No. 10.) In June 2014 Petitioner was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* to answer his federal charges. (Resp't's App. 35, ECF No. 11.) On October 31, 2014, Petitioner pleaded guilty in the United States District Court for the Northern District of Texas, Lubbock division, to possession of a firearm by a convicted felon and was sentenced to a term of 71 months. (*Id.* at

37-38.) His federal sentence was ordered to run concurrently with any sentences to be imposed in the two related state cases, Case Numbers 2014-401,272 and 2014-401,271, then pending in the 140th Judicial District Court, Lubbock, Texas. (*Id.* at 38.) The federal judgment also recommended that Petitioner be placed at FCI--El Reno, Oklahoma, for service of his federal sentence. (*Id.*) Thereafter, Petitioner was returned to state custody and, on January 20, 2015, he was sentenced in the 140th Judicial District Court to 15-years' confinement in each of the state cases. (Resp't's Resp. 4, ECF No. 10.) Petitioner continues to serve his state sentences and is currently confined in the Neal unit of the Correctional Institutions Division of the Texas Department of Criminal Justice. This petition was filed in the Lubbock division and transferred to this division. By way of the petition, Petitioner requests that the United States Marshall Service be instructed to remand him to federal custody and that he be placed in FCI--El Reno for the duration of his federal incarceration. (Pet. 1, ECF No. 1.)

## II.  DISCUSSION

Respondent asserts that the petition should be dismissed because Petitioner is not entitled to the relief sought. (Resp't's Resp. 5-7, ECF No. 10.) An inmate has no constitutional right to incarceration in any particular prison system. *Simpson v. Cockrell*, No. 01-10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001)

(citations omitted). Instead, the facility at which he serves concurrent sentences is "a matter for the two sovereigns involved to decide." *Id.* There is "no authority requir[ing] federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence."[1] *Id.* So to the extent Petitioner requests an order directing the United States Marshal Service to place him in a federal prison, namely FCI--El Reno, his request must be denied.

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus and DENIES a certificate of appealability.

SIGNED December 12, 2016.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1]That said, the BOP has the statutory authority to cause a federal sentence to run concurrently with a state sentence by designating nunc pro tunc an inmate's state prison as the place of federal confinement. *Barden v. Keohane,* 921 F.2d 476, 478 (3d Cir. 1990). The BOP's procedures for an inmate to request a nunc-pro-tunc designation are found in Program Statement 5160.05, entitled *Designation of State Institution for Service of Federal Sentence.* According to the Program Statement, an inmate may submit his request for a nunc-pro-tunc designation to the BOP and the "request will be considered regardless of whether the inmate is physically located in either a federal or state institution." Dept. of Justice, BOP Program Statement 5160.05, pp. 4-6 (2003), http://www.bop.gov/resources/policy_and_forms.

3